**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wynetta Taylor,<br><br>Plaintiff,<br><br>v.<br><br>American Express Travel Related Services Company Incorporated,<br><br>Defendant. | No. CV-26-04863-PHX-DJH<br><br>**ORDER** |

On July 13, 2026, Plaintiff Wynetta Taylor ("Plaintiff") filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3). However, upon review, Plaintiff has not demonstrated an inability to pay her court fees. Plaintiff has indicated that she has a current monthly income of $3,600.00 from her employment as well as $3,600.00 in anticipated income next month. (*Id.* at 1–2). Although Plaintiff has listed two dependent sons, it should be noted that they are 23 and 25 years old. (*Id.* at 3). However, even including her sons in her household, Plaintiff's income significantly exceeds the current federal poverty guidelines for a household of three. *May v. Stevenson*, 2026 WL 701092, at *1 (D. Idaho 2026) ("In evaluating the application to proceed without prepayment of fees, the Court compares the applicant's income to the poverty guidelines as a gauge of ability to pay.").[1] While Plaintiff has reported expenses in excess of her income, she maintains a high rent of $2,300.00, meaning that she has opted for rent that is

[1] 2026 Federal guidelines are available at https://aspe.hhs.gov/sites/default/files/documents/b1bfa16b20ae9b89d525bc35de7c1643/detailed-guidelines-2026.pdf.

almost two-thirds of her monthly income. Plaintiff has also listed a motor vehicle payment of $330.00 in addition to transportation costs of $300.00. (Doc. 3 at 5). Lastly, Plaintiff reports spending $400.00 a month on food as well as $150.00 on laundry and/or dry cleaning. (*Id.* at 5).

To qualify for *in forma pauperis* status, "[a] showing of something more than mere hardship must be made." *Andres v. Carmona*, 2019 WL 4920957, at *1 (E.D. Cal. 2019) (internal quotations and citation omitted); *McNeil v. U.S.*, 2009 WL 3013791, at *1 (W.D. Wash. 2009) ("IFP status must be reserved for those who are truly indigent."). Based on the foregoing, Plaintiff has not established that paying her court fees will deprive herself of the necessities of life. There may be a need to cut back in certain areas, but, on the whole, Plaintiff has not established a need for *in forma pauperis* status with certainty. "If an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required ... to put his money where his mouth is." *Williams v. Latins*, 877 F.2d 65, at *1 (9th Cir. 1989) (citation and internal quotation marks omitted).

On a final note, Plaintiff indicates that she recently completed service on the defendant in this matter. (*See* Docs. 8, 9). However, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs was still pending, and the record does not indicate that she had paid her filing fee. Therefore, service was not yet appropriate as Plaintiff was not yet authorized to pursue her claims without paying her filing fees. Additionally, service was nonetheless deficient because it was effectuated by Plaintiff herself (Doc. 8 at 2), and it is well established that a party to a lawsuit may not serve process. *See* Fed. R. Civ. P. 4 (c)(2). Therefore, the Court will strike docket entries 8 and 9 from the record. Plaintiff shall not serve any defendant in this matter until her filing fee is paid or she is granted IFP status.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is **DENIED**. Plaintiff must either pay the filing fee or

file an amended application demonstrating her inability to pay court fees by **October 6, 2026**, or the Clerk of Court shall dismiss this action without further notice.

**IT IS FURTHER ORDERED** that Docs. 8 and 9 shall be **STRICKEN** from the record.

Dated this 8th day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge